NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

AUG 01 2012



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **LORENZO OLIVER, as guardian Ad Litem for minor son; JILL BUSH, as guardian Ad Litem for minor son; C.B., minor,** | No. 11-55492 |
| | D.C. No. 8:09-cv-00091-CJC-AN |
| Plaintiffs - Appellants, | **MEMORANDUM**[*] |
| v. | |
| **CITY OF ANAHEIM; RYAN TISDALE; JAMES BROWN,** | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted July 13, 2012
Pasadena, California

Before:     **KOZINSKI**, Chief Judge, **REINHARDT** and **WATFORD**, Circuit
Judges.

The officers had no probable cause to arrest C.B. and Oliver because the act

the officers believed C.B. committed—trying to kill the opossum by hitting it with

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

a shovel—isn't a crime. While section 597(a) of the California Penal Code prohibits the intentional and malicious killing of animals, section 599c provides, "No part of this title shall be construed . . . as interfering with the right to destroy . . . any animal known as dangerous to life, limb, or property." Cal. Penal Code §§ 597(a), 599c. Regulations confirm that opossums are dangerous by explicitly permitting their killing. Cal. Code Regs. tit. 14, § 472(a). The regulations do prohibit certain ways of killing animals, but hitting them with a shovel is not among them. Cal. Code Regs. tit. 14, § 475. Indeed, if section 597(a) were construed as prohibiting the killing of wild opossums, it would impermissibly nullify California's laws that permit killing them. See Cal. Penal Code § 599c; Cal. Code Regs. tit. 14, § 472(a).

People v. Thomason, 84 Cal. App. 4th 1064 (2000), held that mice bought at a feed store were not "dangerous to life, limb, or property," as required by section 599c. Id. at 1067–68. By contrast, wild opossums are dangerous to property. See T.P. Salmon et al., Univ. of Cal., Pub. No. 74123, Pest Notes: Opossum 2 (2005). Indeed, the opossum C.B. allegedly struck had injured the family's bulldogs. Thomason is also inapposite because the defendant there tortured the mice. 84 Cal. App. 4th at 1065–66. The police here had no evidence that plaintiffs did anything more than try to kill the opossum, which they were entitled to do.

Because C.B.'s act wasn't criminal, there was no cause to arrest him.  And, without an underlying criminal act, Oliver couldn't have been an accessory or an aider and abettor.  <u>See</u> Cal. Penal Code §§ 31, 32.  The arrests violated the plaintiffs' constitutional rights.  <u>See</u> <u>Rosenbaum</u> v. <u>Washoe County</u>, 663 F.3d 1071, 1076–79 (9th Cir. 2011) (per curiam).  Therefore, the officers are not entitled to qualified immunity.  Nor are they entitled to immunity under state law because a reasonable officer could not have believed that the arrests of C.B. and Oliver were lawful.  <u>See</u> Cal. Penal Code § 847(b)(1); <u>Edgerly</u> v. <u>City and Cnty. of San Francisco</u>, 599 F.3d 946, 958–59 (9th Cir. 2010).

**REVERSED and REMANDED.**

*Oliver v. City of Anaheim*, No. 11-55492

WATFORD, Circuit Judge, dissenting:

The question facing the officers in this case was whether bashing a mother opossum on the head three times with a metal shovel constitutes "maliciously and intentionally . . . wound[ing] a living animal" in violation of California Penal Code section 597(a). I am not sure such conduct in fact violates the statute; even today, California law remains unclear on that score. At the same time, nothing in California law has clearly established that such conduct does *not* violate the statute. The best guidance available on the scope of section 597(a) is *People v. Thomason*, 84 Cal. App. 4th 1064 (2000), which held that, even though animals covered by Penal Code section 599c and associated game regulations may be killed at will, they are still protected by section 597(a)'s prohibition on malicious and intentional wounding. Whether bashing a mother opossum on the head three times with a metal shovel is sufficiently egregious to constitute a malicious and intentional wounding is certainly debatable. But the very fact that reasonable minds could disagree is what entitles the officers to qualified immunity here. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011).